United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2952

_____

| | | |
|---|---|---|
| George L. Weaver, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Harold W. Clarke, Director, | * | |
| Correctional Services, Lincoln | * | |
| Correctional Center; John J. Dahm, | * | |
| Warden, Chief Executive Officer, | * | Appeals from the United States |
| Lincoln Correctional Center; Douglas | * | District Court for the |
| L. Reeves; David Skow; Robby G. | * | District of Nebraska. |
| Predmore; Willem Looye, | * | |
| | * | |
| Defendants/Appellants, | * | |
| | * | |
| Roger O. Doerr, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Stephen W. Shutzer; Donald Earl | * | |
| Atkinson; Harold F. Thies, Jr., | * | |
| | * | |
| Defendants/Appellants. | * | |

_____

No. 96-3008

_____

| | |
|---|---|
| George L. Weaver, | * |
| | * |
| Plaintiff/Appellant, | * |
| | * |
| v. | * |
| | * |
| Harold W. Clarke, Director, | * |
| Correctional Services, Lincoln | * |
| Correctional Center; John J. Dahm, | * |
| Warden, Chief Executive Officer, | * |
| Lincoln Correctional Center; Douglas | * |
| L. Reeves; David Skow; Robby G. | * |
| Predmore; Willem Looye, | * |
| | * |
| Defendants/Appellees, | * |
| | * |
| Roger O. Doerr, | * |
| | * |
| Defendant, | * |
| | * |
| Stephen W. Shutzer; Donald Earl | * |
| Atkinson; Harold F. Thies, Jr., | * |
| | * |
| Defendants/Appellees. | * |

_____

Submitted:  March 13, 1997

Filed:  July 23, 1997

_____

Before WOLLMAN and BEAM, Circuit Judges, and REASONER,[1] District Judge.
_____

WOLLMAN, Circuit Judge.

The defendants, employees of the Nebraska Department of Correctional Services, appeal from the district court's[2] judgment awarding attorney's fees and costs in the amount of $11,299.17 to George L. Weaver in Weaver's suit for damages and injunctive relief brought under 42 U.S.C. § 1983. Weaver cross-appeals. We affirm.

Weaver's suit was based upon his allegations that the defendants had violated his rights under the Eighth Amendment by causing him to be exposed to environmental tobacco smoke. Following our affirmance of the district court's denial of the defendants' motion to dismiss for failure to state a claim and on the basis of qualified immunity, see Weaver v. Clarke, 45 F.3d 1253 (8th Cir. 1995), the district court granted the defendants' motion for summary judgment on the ground that Weaver had failed to establish a claim of deliberate indifference to his serious medical needs.

Weaver's motion for a preliminary injunction was referred to a United States Magistrate Judge,[3] who found that although Weaver had demonstrated a likelihood of success on the merits, he had not established that he would suffer irreparable harm during the pendency of the action. Accordingly, on January 29, 1996, the magistrate judge entered a memorandum and order recommending that the motion for preliminary injunction be denied. The order set an evidentiary hearing on the request for a

_____

[1]The HONORABLE STEPHEN M. REASONER, Chief Judge, United States District Court for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

[3]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

permanent injunction for May 15, 1996, and established a discovery deadline and a pretrial conference.

On February 12, 1996, defendant Clarke, in his capacity as director of the Department of Correctional Services, imposed a smoking ban, effective March 18, 1996, in all buildings owned or operated by the Department. In announcing the ban, Clarke stated that "pending inmate litigation, both locally and nationally on the issue of second hand smoke are concerns that must be addressed."

In light of Director Clarke's ban on smoking, the district court found that Weaver had attained all the prospective relief he had sought and therefore granted summary judgment in favor of the defendants, withholding entry of judgment pending a ruling on Weaver's application for attorney fees. Weaver then filed an application requesting fees in the amount of $17,595.00 and expenses in the amount of $4,722.59. After finding that Weaver was a prevailing party, the district court awarded fees in the amount of $8,346.35 and expenses in the amount of $2,952.82.

The defendants challenge the district court's fee award on three grounds. First, they contend that Seminole Tribe of Florida v. Florida, 116 S. Ct. 114 (1996), overruled *sub silentio* the holding in Hutto v. Finney, 437 U.S. 678 (1978), that 42 U.S.C. § 1988 abrogates the states' Eleventh Amendment immunity. We rejected the very same argument in a decision filed some two weeks prior to the submission of the defendants' brief in this case. See Jensen v. Clarke, 94 F.3d 1191, 1201-02 (8th Cir. 1996).

The defendants next argue that 42 U.S.C. § 1997(e), part of the Prison Litigation Reform Act, prohibits an award of fees in this case. Again, we rejected this same argument in Jensen v. Clarke, 94 F.3d at 1202-03, holding that section 1997(e) as amended was not intended to be given retroactive application.

The defendants' final argument is that Weaver is not a prevailing party within the meaning of section 1988 because Director Clarke's March 1996 smoking ban was not implemented as a result of Weaver's lawsuit but was in fact the culmination of policies and proposals that Clarke had announced prior to the filing of Weaver's complaint. Citing Hendrickson v. Branstad, 934 F.2d 158 (8th Cir. 1991), the district court found that Weaver's lawsuit was a necessary and important factor in achieving the smoking ban and that the implementation of the ban was not gratuitous or voluntary. In light of Director Clarke's statement at the time he announced the ban that pending inmate litigation, both local and national, regarding the issue of second-hand smoke raised concerns that needed to be addressed, and given the temporal proximity between the magistrate judge's order setting an evidentiary hearing and Clarke's announcement of the smoking ban, we conclude that the district court did not err in finding that Weaver was a prevailing party.[4]

**Cross-Appeal**

Weaver has cross-appealed, contending that the district court erred in finding that the defendants had not been deliberately indifferent to Weaver's serious medical needs. Our review of the record persuades us otherwise, however, for the defendants took action to house Weaver in a smoke-free cell and thereafter took reasonable steps to insure that Weaver's cellmate observed the no-smoking rule by issuing a misconduct report, by searching the cell for tobacco products, and by advising Weaver that he should contact the managers of the housing unit for an investigation, a course of action that Weaver did not avail himself of. Thus, Weaver has failed to establish a claim of deliberate indifference as that term has been defined by Farmer v. Brennan, 511 U.S.

---

[4]The defendants' attack upon the amount of the award of fees and expenses is without merit, all the more so in light of the substantial reduction made by the district court in response to the defendants' objections to the fee application.

825 (1994), and <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  See also <u>Logan v. Clarke</u>, No. 97-1314, slip op. (8th Cir. July 10, 1997); <u>Weaver v. Clarke</u>, 45 F.3d at 1255.

Weaver contends that the district court erred in disallowing a portion of the amounts claimed for attorney fees and expenses because of his noncompliance with Rule 83.14 of the Local Rules for the District of Nebraska, which specifies the particularity with which a fee application must identify the services and expenses for which compensation is sought.  Having reviewed the defendants' objections to Weaver's fee application, we cannot say that the district court abused its discretion in reducing the number of allowable hours for services rendered and the amount of the expenses claimed.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.